UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SENSOR SYSTEMS LLC, MOTOR MAGNETICS, INC., and FISHER ELECTRIC TECHNOLOGY, INC.,**

    **Plaintiffs,**

v.                                                **Case No. 8:19-cv-2581-T-24AAS**

**BLUE BARN HOLDINGS, INC. and DATEX INSTRUMENTS INC.,**

    **Defendants,**
_____/

## ORDER

Plaintiffs Sensor Systems LLC, Motor Magnetics, Inc., and Fisher Electric Technology, Inc. (collectively, the plaintiffs) move for an order compelling Defendant Blue Barn Holdings, Inc. (Blue Barn) to produce documents in response to the plaintiffs' second request for production nos. 1-5. (Doc. 83). Blue Barn opposes the motion. (Doc. 86).

**I.  BACKGROUND**

The parties entered a letter of intent, as amended (LOI), that contemplated Blue Barn and Defendant Datex Instruments Inc. (collectively, the defendants) and the plaintiffs entering into an asset purchase agreement for the purchase and sale of the plaintiffs' assets. A provision of the LOI stated

1

that the defendants would assume control and management of the plaintiffs' businesses until the closing. The closing never occurred.

The plaintiffs filed a one-count complaint for a declaratory judgment confirming the termination of the LOI. (Doc. 1). Blue Barn responded with six affirmative defenses.[1] (Doc. 19). Blue Barn counterclaims for monetary damages for its alleged management of the plaintiffs' businesses. (*Id.* at pp. 18-21). Specifically, Blue Barn contends it expended extensive resources managing the plaintiffs' businesses for the plaintiffs' benefit. (*Id.*).

In the plaintiffs' second request for production, the plaintiffs requested information and documentation about the professional expenditures and endeavors of Blue Barn's managing principals Ehud Barkai-Barnik, Edith Barnik, and Ben Barnik between December 2017, the date of the LOI, and the present. (Doc. 83, Ex. 2). Blue Barn objected to these requests. (Doc. 83, Ex. 3).

The plaintiffs move for an order compelling Blue Barn to provide documents in response to the plaintiffs' second request for production nos. 1-5. (Doc. 83). Blue Barn opposes the motion. (Doc. 86).

---

[1] Blue Barns pleads defenses of estoppel, breach of contract, unclean hands, laches, waiver, and oral modification of the contract. (Doc. 19, pp. 4-7).

## II. ANALYSIS

A party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case." *Tiger v. Dynamic Sports Nutrition, LLC*, No: 6:15-cv-1701-Orl-41TBS, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016). A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. The court has broad discretion in managing pretrial discovery matters. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011).

### A. Request for Production Nos 1-3

**Request No. 1:** All documents evidencing Ehud Barkai-Barnik's professional endeavors and expenditure of professional time between December 2017 and the present – including, but not limited to, payroll records, time sheets, day calendars, meeting minutes, expense records, travel records, and any other documents or correspondences that constitute, discuss, or refer to Ehud Barkai-Barnik's professional endeavors or expenditure of professional time between December 2017 and the present.

**Request No. 2:** All documents evidencing Edith Barkai-Barnik's professional endeavors and expenditure of professional time between December 2017 and the present – including, but not limited to, payroll records, time sheets, day calendars, meeting minutes, expense records, travel records, and any other documents or correspondences that constitute, discuss, or refer to Edith Barkai-Barnik's professional endeavors or expenditure of

professional time between December 2017 and the present.

**Request No. 3:** All documents evidencing Benjamin Barkai-Barnik's professional endeavors and expenditure of professional time between December 2017 and the present – including, but not limited to, payroll records, time sheets, day calendars, meeting minutes, expense records, travel records, and any other documents or correspondences that constitute, discuss, or refer to Ben Barkai-Barnik's professional endeavors or expenditure of professional time between December 2017 and the present.

(Doc. 83, Ex. 6).

The plaintiffs argue the requested documents are discoverable because Blue Barn counterclaimed that it expended extensive time and money for the plaintiffs' benefit.[2] The court agrees that the professional endeavors of Blue Barn's managing principals are relevant to how much time, effort, and money Blue Barn expended on the plaintiffs' businesses.[3] However, as drafted, the requests are overbroad and not proportional to the needs of this case.

The plaintiffs argue that Blue Barn's responses to request for production nos. 1-3 are necessary to "test" Blue Barn's allegations it spent 3,000 hours and

---

[2] Blue Barn alleges that it "spent more than $100,000 of unreimbursed funds for travel and other business-related expenses" for the benefit of the plaintiffs. (Doc. 19, pp. 5-6, 13).

[3] Blue Barn names Ehud Barkai-Barnik throughout its counterclaim. (*See* Doc. 19 ¶¶ 7, 13-14, 16-19, 21, 25-26, 32, 34-35, 37-38). Blue Barn also names Edith Barnik and Ben Barnick as managers of Blue Barn who carried out the management duties for the plaintiffs under the LOI. *(See id.*, ¶ 25).

4

$100,000 running the plaintiffs' businesses. In doing so, the plaintiffs propose comparing the number of hours and the amount of money Blue Barn's principals spent managing the plaintiffs' business to the number of hours and the amount of money Blue Barn's principals spent managing other businesses to determine the truthfulness of Blue Barn's claimed time and expenditures.

Discovery concerning Blue Barn's managing principals' time and expenditures is only proportional to the extent that it relates to the plaintiffs and their business. The time and resources Blue Barn's managing principals expended on other business ventures are not sufficiently proportional to the needs of this case.

According to Blue Barn, it has already produced more than 35,000 pages of emails, meeting agendas, minutes, drafts of settlement documents on pending legal claims against the plaintiffs, and other materials documenting the managing principals' efforts related to the plaintiffs. The plaintiffs also deposed Mr. Barkai-Barnik for more than fourteen hours, during which he was questioned about the nature and extent of his efforts expended on the part of the plaintiffs.[4] This discovery, not the discovery about the managing principals' other professional endeavors and expenditures, is proportional to the needs of

---

[4] Blue Barn could have deposed Edith Barnik and Ben Barnik but did not.

5

this case.

The burden of producing the expansive discovery requested by the plaintiffs is not proportional to its purported benefit. Importantly, the production of the requested information would also significantly affect the privacy rights of any non-parties whose companies are being managed or otherwise supported by Blue Barn and the plaintiffs have not established a compelling need for this information.[5] The plaintiffs can evaluate the time Blue Barn and its managing principals spent on the plaintiffs' behalf through deposition testimony and the requested documents related to the plaintiffs' businesses. The burden of collecting and producing the requested information pertaining to businesses not involved in this litigation (and who may have valid claims that the information is confidential and proprietary) is outweighed by any potential benefit to the plaintiffs.

Thus, Blue Barn must provide documents responsive to the plaintiffs' second request for production nos. 1-3, only to the extent the documents reflect Blue Barn's managing principals' time and expenditures related to the plaintiffs and the plaintiffs' businesses.

---

[5] Once a party has established that a legitimate expectation of privacy exists in the information sought, the burden switches to the party seeking disclosure to establish a compelling need for the invasion. *Univ. Books & Videos, Inc. v. Metro. Dade County*, 78 F. Supp. 2d 1327, 1343 (S.D. Fla. 1999).

B.   **Request for Production Nos. 4-5**

**Request No. 4:** All documents identifying any businesses in which Blue Barn or Ehud Barkai-Barnik held or holds any ownership or investment interest between December 2017 and the present – including, but not limited to, stock or share certificates, shareholder agreements, partnership agreements, operating agreements, letters of intent, asset purchase agreements, or merger agreements.

**Request No. 5:** All documents that identify the corporate structure and ownership structure of all businesses – including, but not limited to, general partnerships, limited partnerships, limited liability companies, and corporations – in which Blue Barn or Ehud Barkai-Barkin held or holds any ownership or investment interest –whether individually, jointly, directly, or indirectly – between December 2017 and the present.

(Doc. 83, Ex. 6).

Request for production nos. 4 and 5 request all documents identifying any businesses that Blue Barn or Ehud Barkai-Barnik have or had any ownership or investment interest, and the structure of those businesses. These requests undoubtedly include private financial and business information (of both Blue Barn and third parties) unrelated to the claims or defenses in this action.

The plaintiffs argue that this requested discovery is also necessary to test the time and effort Blue Barn expended on the plaintiffs' businesses in accordance with the LOI. The plaintiffs posit that because Blue Barn and Mr.

7

Barkai-Barnik can devote only a finite amount of time to any of Blue Barn's investments or business interests, exploring the number and nature of other investments is a proper means to test the veracity of Blue Barn's allegations about time spent on the plaintiffs' behalf. The court disagrees.

As stated above, the plaintiffs can evaluate the time Blue Barn's managing principals spent on the plaintiffs' business through the deposition testimony of the managing principals and the documents responsive to request for production nos. 1-3, as narrowed. The plaintiffs fail to establish how the requested more expansive discovery is sufficiently relevant or proportional to the needs of this case. Thus, the plaintiffs' motion to compel is denied as to the plaintiffs' second request for production nos. 4-5.

### III. CONCLUSION

The plaintiffs' motion for an order compelling Blue Barn to produce documents in response to the plaintiffs' second request for production nos. 1-5 (Doc. 83) is **GRANTED in part and DENIED in part**. Blue Barn must provide documents responsive to request for production nos. 1-3, but only to the extent the documents reflect Blue Barn's managing principals' time and expenditures related to the plaintiffs and the plaintiffs' businesses. In all other respects, the motion is denied. Each party must bear their own attorney's fees

8

and costs associated with this motion. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

**ORDERED** in Tampa, Florida on January 29, 2021.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

9